IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN WILSON, in his official capacity as Attorney General of South Carolina; and MARK KEEL, in this official capacity as Chief of the South Carolina State Law Enforcement Division,<br><br>    Defendants. | Case No. ~~XXXX 21cv~~ 3:21-cv-04108-MGL |

**Complaint for Declaratory and Injunctive Relief**

NATURE OF THE ACTION

1. This case is about a man convicted of being gay prior to the Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003), and who South Carolina still makes register as a sex offender today. It shows how the lingering effects of centuries of homophobic "sodomy" prohibitions persist and asks this Court to put an end to South Carolina's discrimination.

2. So-called sodomy laws, which prohibit nonprocreative sex acts traditionally associated with homosexuality (i.e., oral and anal sex), were universal among the states and territories from the founding of the Republic through to the 1960s. In the late twentieth century, a few states began repealing their sodomy laws and some state courts began to invalidate them. Then, in 2003, the Supreme Court held that laws that criminalize oral or anal sex (with no other elements) violate substantive due process and are invalid under the Fourteenth Amendment. *See generally Lawrence*, 539 U.S. 558.

1

3. In *Lawrence*, the Supreme Court explicitly overruled its prior precedent, *Bowers v. Hardwick*, 478 U.S. 186 (1986), that had held that such intimate sexual conduct received no constitutional protection. *Lawrence*, 539 U.S. at 578. In the words of the Court, *Bowers*—a facial challenge to Georgia's sodomy prohibition—"was not correct when it was decided, and it is not correct today. It ought not to remain binding precedent. *Bowers v. Hardwick* should be and now is overruled." *Id*. In so doing, the Supreme Court facially invalidated all statutes that criminalize oral or anal sex with no other elements, including South Carolina's.

4. Despite this clear proclamation made nearly two decades ago, South Carolina continues to enforce its criminal sodomy statute, titled Buggery, South Carolina Code section 16-15-120. Specifically, South Carolina requires people convicted of Buggery to register as sex offenders and suffer myriad, onerous prescriptions on their everyday life under the South Carolina Sex Offender Registry Act, commonly known as SORA. S.C. Code Ann. §§ 23-3-400 *et seq*. This is so even though South Carolina's Buggery statute is materially indistinguishable from the sodomy statutes struck down as facially unconstitutional by the Supreme Court in *Lawrence*.

5. SORA seriously restricts the public and personal lives of registrants.

6. Plaintiff John Doe was convicted in 2001 for Buggery for having consensual sex with another man. The other man was also convicted of Buggery. Doe received a pardon in 2006. Still, he is subject to sex offense registration restrictions pursuant to a facially unconstitutional statute. He suffers severely under the sex offender label, which involves the state in the daily management of his life.

7. Doe brings this action to prevent the continued application and enforcement of South Carolina's Buggery prohibition, South Carolina Code section 16-15-120. Specifically, Doe

seeks a declaration that 1) South Carolina's Buggery prohibition, South Carolina Code section 16-15-120, is facially unconstitutional as to activity between human beings and as applied to Doe; and 2) that South Carolina Code section 23-3-430(C)(11), which makes Buggery an offense subject to SORA, is facially unconstitutional as to activity between human beings and as applied to Doe; and, in the alternative, 3) requiring sex offender registration for a conviction under a statute whose only element is engaging in oral or anal sex that pre-dates the Supreme Court's decision in *Lawrence* is unconstitutional.

8. Doe seeks injunctive relief against state officials from continuing to enforce the above-enumerated statutes, compelling Defendants to remove Doe from SORA and expunge all records signaling his past inclusion on the registry, and enjoining Defendants from administering and enforcing the Buggery statute generally and through SORA specifically.

## PARTIES

**Plaintiff**

9. Plaintiff Doe is a resident of South Carolina.

**Defendants**

10. Alan Wilson is the Attorney General of South Carolina. As Attorney General, Wilson oversees the enforcement of South Carolina's criminal statutes. He is sued in his official capacity. He resides in South Carolina.

11. The Attorney General's office is located in Columbia, South Carolina.

12. Mark Keel is the Chief of the South Carolina State Law Enforcement Division (SLED). The South Carolina sex offender "registry is under the direction of" Defendant Keel. S.C. Code Ann. § 23-3-410(A). Defendant Keel is responsible for "develop[ing] and operat[ing] the registry to: collect, analyze, and maintain information; [and] make information available to

every enforcement agency in this State and in other states." *Id*. He is sued in his official capacity. He resides in South Carolina.

13. Defendant Keel conducts his official business from Columbia, South Carolina.

14. Each of the Defendants is a person under 42 U.S.C. § 1983 and acted and continues to act under color of state law as to the allegations in this complaint.

### JURISDICTION AND VENUE

15. Doe's claims are brought under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

16. This Court has jurisdiction to hear Doe's claims pursuant to 28 U.S.C. §§ 1331, 1343, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

17. Venue is proper in the United States Court for the District of South Carolina under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts that gave rise to this lawsuit occurred principally in this judicial district. This District is also an appropriate venue under 28 U.S.C. § 1391(b)(1) because Defendants reside and do business in this judicial district.

18. Venue is proper in the Columbia division under Local Rule 3.01 because the defendants reside in this division and a substantial portion of the events or omissions giving rise to the claims occurred in this division.

### STATEMENT OF FACTS

**Statutory Overview**

19. South Carolina's Buggery statute criminalizes anal and oral sex with no other elements.

20. South Carolina's Buggery statute, South Carolina Code section 16-15-120, states, in full, "[w]hoever shall commit the abominable crime of buggery, whether with mankind or

4

with beast,[1] shall, on conviction, be guilty of [a] felony and shall be imprisoned in the Penitentiary for five years or shall pay a fine of not less than five hundred dollars, or both, at the discretion of the court."

21. South Carolina's prohibition on oral and anal sex has existed since the Province of Carolina was split into North and South Carolina in 1712. The statute originally included a compulsory death sentence. The death penalty was not removed until more than a century and a half later, in 1869, when it imposed a five-year mandatory sentence.

22. It wasn't until 1993 that the State removed the mandatory five-year penalty for Buggery and instead imposed a maximum five-year sentence.

23. Essentially unchanged for two centuries, the plain text of section 16-15-120 continues to prohibit the sex acts traditionally associated with homosexuality—oral and anal sex.

24. South Carolina's Buggery statute is indistinguishable in all material respects from the Texas and Georgia statutes declared unconstitutional in *Lawrence*. The Texas statute at issue in *Lawrence* prohibited "engag[ing] in deviate sexual intercourse with another individual of the same sex," Tex. Penal Code Ann. § 21.06(a) (2003), and defined "[d]eviate sexual intercourse" as "(A) any contact between any part of the genitals of one person and the mouth or anus of another person; or (B) the penetration of the genitals or the anus of another person with an object." Tex. Penal Code Ann. § 21.01(1) (2003). The Georgia statute at issue in *Bowers*, which *Lawrence* declared facially unconstitutional, 539 U.S. at 578, prohibited "sodomy," and defined "sodomy" as "any sexual act involving the sex organs of one person and the mouth or anus of another." Official Code of Ga. Ann. (O.C.G.A.) § 16-6-2 (1984).

---

[1] Doe confines his challenge to the portion of the Buggery statute barring a "buggery . . . with mankind" and does not address the portion of the statute criminalizing sexual conduct "with any animal."

**South Carolina Requires Sex Offender Registration for Buggery Convictions**

25.     Despite the South Carolina Buggery statute being facially unconstitutional and the Supreme Court declaring that the sexual activity criminalized by the Buggery statute is protected by the Fourteenth Amendment, South Carolina requires people with Buggery convictions to register as sex offenders. S.C. Code Ann. § 23-3-430(C)(11). It also requires people with convictions under other state's unconstitutional sodomy laws to register in South Carolina if they reside in the state. *Id*. (making Buggery a registrable offense); S.C. Code Ann. § 23-3-430(A) (making any out-of-state conviction for any "similar offense" to a registrable South Carolina offense itself a registrable offense).

26.     On information and belief, in addition to John Doe there are at least eighteen other people made to register in South Carolina for Buggery convictions or for out-of-state convictions that South Carolina deems a "similar offense" to Buggery.

**Registration Requirements and Burdens**

27.     A person subject to registration under SORA must report, in person, twice a year to register. S.C. Code Ann. § 23-3-460(A).

28.     The information that offenders are required to report upon registration is encyclopedic in scope. A registrant must provide their name; their social security number; their age; their race; their sex; their photograph; their date of birth; their addresses of permanent and temporary residence; their place of employment; their date of employment; the name, address, and county of any institution of higher learning where the registrant is enrolled, employed, volunteers, interns, or otherwise carries on a vocation; their vehicle's make, model, color, and license tag number; their fingerprints; their palm prints; and any and every online account they use. S.C. Code Ann. §§ 23-3-530(2)(a–c); 23-3-555(B).

29.  A registrant must notify the county sheriff within three business days of any change in residence, real property ownership, employment, or enrollment in an educational facility. S.C. Code Ann. § 23-3-460(C).

30.  These registration obligations run to every county where a registrant resides, owns real property, is employed, or goes to school. S.C. Code Ann. § 23-3-450.

31.  School districts must provide the "names and addresses of every sex offender who resides within one thousand feet of a school bus stop within the school district to the parents or guardians of a student who boards or disembarks a school bus at [such] a stop" or provide a link to the online registry on the school district's website for parents to gather this information themselves. S.C. Code Ann. § 23-3-535(F)(1)(a–b).

32.  Failure to follow SORA's strict dictates is, on the first offense, a misdemeanor subject to a $1,000 fine and up to 366 days of imprisonment. S.C. Code Ann. § 23-3-470(B)(1). A second offense carries a mandatory 366 days of imprisonment, no part of which may be suspended and for which no probation can be granted. S.C. Code Ann. § 23-3-470(B)(2). A third offense carries a mandatory five-year imprisonment, three years of which cannot be suspended or given probation. S.C. Code Ann. § 23-3-470(B)(3).

33.  Registration is for life. S.C. Code Ann. § 23-3-460(A).

34.  South Carolina maintains people registered under SORA on the South Carolina registry even after they move to another state.

35.  Even a pardon doesn't free a registrant from the burdens of registration. S.C. Code Ann. § 23-3-430(F).

36. In addition to the direct statutory consequences, registration under SORA also imposes collateral consequences. For example, registration under SORA automatically disqualifies Doe from federally assisted housing. 42 U.S.C. § 13663(a) (2012).

37. Defendant SLED also publishes Doe's information and offense history on an online and publicly available database, thereby exposing him to "profound humiliation and community-wide ostracism." *Smith v. Doe*, 538 U.S. 84, 115 (2003) (Ginsburg, J., dissenting).

38. In 2014, the Justice Policy Journal analyzed the collateral consequences of sex offender registration. Frenzel, et al., *Understanding Collateral Consequences of Registry Laws*, 11 JUSTICE POL. J. 2 (Fall 2014). Of the 443 individuals considered by the study, 49.9% reported that they had lost a job as the result of the sex offender registry, 54.4% reported they lost a place to live, 41.8% reported they had been harassed in person, and 13.6% reported they had been physically assaulted/attacked because of their status on the sex offender registry. *Id.* at 11.

**Facts Specific to John Doe**

39. John Doe was charged with and indicted for Buggery for having consensual sex with another man in 2001.

40. Both men were adults.

41. Both pleaded guilty.

42. Doe's Buggery conviction is his only registrable offense.

43. In 2006, Doe received a pardon for his Buggery conviction.

44. Despite his pardon, South Carolina still requires Doe to register as a sex offender. *See* S.C. Code Ann. § 23-3-430(F) (requiring registration despite pardons).

45. Doe is subject to all of SORA's restrictions due to a pre-*Lawrence* conviction for Buggery, South Carolina Code section 16-15-120—a statute that is unconstitutional on its face.

8

Registration burdens virtually every aspect of Doe's life. *See Registration Requirements and Burdens, supra*. Requiring Doe to register as a sex offender for a Buggery conviction serves no legitimate purpose. The mandate that Doe be subject to the harsh requirements of the sex offender registry law is unjustifiable and unconstitutional.

46. Doe suffers continuing harm because of the continued application of South Carolina's Buggery statute and the registration requirements imposed by S.C. Code Ann. § 23-3-430(C)(11).

**Federal District Courts Enjoin Similar Requirements in Other States**

47. Federal district courts have recently enjoined similar constitutional violations in other states.

48. One plaintiff challenged his registration obligation in Montana for a 1993 conviction under Idaho's sodomy statute. *Menges v. Knudsen*, No. CV 20-178-M-DLC, --- F.Supp.3d ---, 2021 WL 1894154, at *1 (D. Mont. May 11, 2021), *appeal docketed* No. 21-35370 (May 12, 2021). Montana required that he register there because it imposed a reciprocal registration requirement, meaning anyone who had a registrable offense in the state of conviction was required to register in Montana regardless of whether Montana required registration for an equivalent offense.[2] *Id*. After the defendants moved to dismiss and the plaintiff moved for a preliminary injunction, the district court—recognizing that the case presented a question of law, not fact—advanced the trial on the merits and enjoined the state from requiring the plaintiff to register. *Id*. at *2. The case lasted six months and two days from filing the complaint to final judgment. *Id*.

---

[2] South Carolina also has such a requirement. S.C. Code Ann. § 23-3-430(A).

49.     The same plaintiff from the Montana case also filed suit in Idaho, along with another plaintiff proceeding pseudonymously, challenging Idaho's registration requirement for people with Idaho Crime Against Nature convictions. *Doe v. Wasden*, No. 1:20-CV-00452-BLW, --- F.Supp.3d ---, 2021 WL 4129144, at *1 (D. Idaho Sept. 8, 2021) *appeal docketed* No. 21-35826 (Oct. 10, 2021). Assessing a motion to dismiss by the defendants and a motion for a preliminary injunction by the plaintiffs, the District of Idaho found the plaintiffs were likely to succeed on their due process (under both substantive and procedural due process theories) and equal protection claims and preliminarily enjoined the plaintiffs' registration obligations. *Id*. at *11–17.

### CAUSES OF ACTION

**First Cause of Action**
Fourteenth Amendment: Due Process
42 U.S.C. § 1983

50.     Doe incorporates by reference every allegation in the preceding paragraphs as if set forth fully here.

51.     Doe brings this claim against all Defendants in their official capacities.

52.     Defendants' maintenance, administration, and enforcement of South Carolina's Buggery statute, South Carolina Code section 16-15-120, is facially unconstitutional.

53.     Defendants' maintenance, administration, and enforcement of South Carolina's Sex Offender Registration Act's provision that makes Buggery a registerable offense, South Carolina Code section 23-3-430(C)(11), is facially unconstitutional.

54.     Defendants' maintenance, administration, and enforcement of both South Carolina Code sections 16-15-120 and 23-3-430(C)(11) on their face and with respect to Doe

violates Doe's rights to due process under the Fourteenth Amendment of the United States Constitution and flouts the clear mandate of *Lawrence v. Texas*.

55. All Defendants' actions are under color of law and enabled by their authority as state officers.

56. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 16-15-120 is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

57. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 23-3-430(C)(11) is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

58. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 23-3-430(C)(11) is unconstitutional as applied to his Buggery conviction.

59. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 16-15-120 in any situation involving conduct between human beings.

60. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 23-3-430(C)(11) in any situation involving conduct between human beings.

61. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 23-3-430(C)(11) as applied to him for his Buggery conviction.

62. As a result of Defendants' unlawful conduct, Doe is suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

## Second Cause of Action
Fourteenth Amendment: Equal Protection
43 U.S.C. § 1983

63. Doe incorporates by reference every allegation in the preceding paragraphs as if set forth fully here.

64. Doe brings this claim against all Defendants in their official capacities.

65. By treating acts of homosexual sexual intimacy differently from acts of heterosexual sexual intimacy, South Carolina Code section 16-15-120 violates the Equal Protection Clause because it is not necessary and the least restrictive means of addressing a compelling state interest.

66. By treating acts of homosexual sexual intimacy differently from acts of heterosexual sexual intimacy, South Carolina Code section 16-15-120 violates the Equal Protection Clause because it is not substantially related to serving an important state interest.

67. By treating acts of homosexual sexual intimacy differently from acts of heterosexual sexual intimacy, South Carolina Code section 16-15-120 violates the Equal Protection Clause because it has no rational relationship to a legitimate government interest.

68. By requiring sex offender registration for acts of homosexual sexual intimacy and not requiring registration for acts of heterosexual sexual intimacy, South Carolina Code section 23-3-430(C)(11) violates the Equal Protection Clause because it is not necessary and the least restrictive means of addressing a compelling state interest.

69. By requiring sex offender registration for acts of homosexual sexual intimacy and not requiring registration for acts of heterosexual sexual intimacy, South Carolina Code section 23-3-430(C)(11) violates the Equal Protection Clause because it is not substantially related to serving an important state interest.

70. By requiring sex offender registration for acts of homosexual sexual intimacy and not requiring registration for acts of heterosexual sexual intimacy, South Carolina Code section 23-3-430(C)(11) violates the Equal Protection Clause because it has no rational relationship to a legitimate government interest.

71. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 16-15-120 is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

72. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 23-3-430(C)(11) is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

73. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 23-3-430(C)(11) is unconstitutional as applied to his Buggery conviction.

74. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 16-15-120 in any situation involving conduct between human beings.

75. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 23-3-430(C)(11) in any situation involving conduct between human beings.

76. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 23-3-430(C)(11) as applied to him for his Buggery conviction.

77. As a result of Defendants' unlawful conduct, Doe is suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

**Third Cause of Action**
Fourteenth Amendment: Vagueness
42 U.S.C. § 1983

78. Doe incorporates by reference every allegation in the preceding paragraphs as if set forth fully here.

79. Doe brings this claim against all Defendants in their official capacities.

80. South Carolina's Buggery statute, South Carolina Code section 16-15-120, does not define what conduct is permitted and what conduct is prohibited in such a way that a person of ordinary intelligence can readily determine whether a sex act is allowable or prohibited.

81. If the section 16-15-120 prohibits all oral and anal sex, it violates the Supreme Court's command in *Lawrence*. If it allows any act of oral or anal sex, it is unconstitutionally vague.

82. The criteria Defendants use in determining what oral or anal sex is prohibited and what oral or anal sex is permitted are not clearly defined such that a person of ordinary intelligence can readily determine whether a sex act is allowable or prohibited.

83. Such vagueness also contributes to unfettered discretion exercised by Defendants.

84. Defendant's enforcement of the Buggery statute violates Doe's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

85. South Carolina's SORA states that a conviction under South Carolina's Buggery statute is a registrable offense. S.C. Code Ann. § 23-3-430(C)(11). If SORA allows some individuals with Buggery convictions, or a conviction in another jurisdiction that is substantially equivalent to South Carolina's Buggery statute, to avoid registration, it is unconstitutionally vague.

86. The criteria Defendants use to determine what Buggery convictions, or out-of-state convictions are substantial equivalents to the Buggery law, trigger registration (or allow one to escape registration) are not clearly defined such that a person of ordinary intelligence can readily determine whether a conviction triggers registration.

87. Such vagueness also contributes to unfettered discretion exercised by Defendants.

88. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 16-15-120 is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

89. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 23-3-430(C)(11) is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

90. Doe is entitled to declaratory relief in the form of this Court ruling that South Carolina Code section 23-3-430(C)(11) is unconstitutional as applied to his Buggery conviction.

91. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 16-15-120 in any situation involving conduct between human beings.

92. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 23-3-430(C)(11) in any situation involving conduct between human beings.

93. Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing South Carolina Code section 23-3-430(C)(11) as applied to him for his Buggery conviction.

94. As a result of Defendants' unlawful conduct, Doe is suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

### REQUEST FOR RELIEF

Doe respectfully requests an order and judgment:

1. Declaring that South Carolina Code section 16-15-120 is unconstitutional on its face as it relates to activity between human beings;

2. Declaring that South Carolina Code section 23-3-430(C)(11) is unconstitutional on its face;

3. Declaring that South Carolina Code section 23-3-430(C)(11) is unconstitutional as applied to individuals convicted of South Carolina's Buggery statute before the United States Supreme Court's decision in *Lawrence v. Texas*;

4. Declaring that Defendants' actions violate Doe's rights under the Fourteenth Amendment to the United States Constitution;

5. Preliminarily and permanently enjoining Defendants from enforcing South Carolina Code section 16-15-120 in any situation involving activity between human beings;

6. Preliminarily and permanently enjoining Defendants from enforcing South Carolina Code section 23-3-430(C)(11) for Buggery convictions involving activity between human beings;

7. Preliminarily and permanently enjoining Defendants from requiring Doe to register as a sex offender for his Buggery conviction;

8. Ordering Defendants to permanently remove Doe from the South Carolina Sex Offender Registry;

9. Ordering Defendants to expunge all state records indicating that Doe was ever subject to registration on the South Carolina Sex Offender Registry;

10. Ordering Defendants to alert all agencies who were provided information about Doe's registration (including courts, police departments, sheriff's departments, and the Federal Bureau of Investigation) that this information is no longer valid;

11. Ordering Defendants to cease and desist from placing any individuals convicted under the Buggery statute or with a conviction from another jurisdiction deemed to be a "similar offense" to a Buggery conviction in any situation involving activity between human beings on the South Carolina Sex Offender Registry;

12. Ordering Defendants to inform all relevant local, state, and federal agencies that convictions for Buggery in any situation involving activity between human beings or any conviction from another jurisdiction deemed to be a similar offense to a Buggery conviction for activity between human beings are no longer registrable offenses in South Carolina;

13. Waiving the requirement for the posting of a bond as security for entry of temporary or preliminary injunctive relief;

17

14. Awarding Doe his costs, expenses, and reasonable attorneys' fees under 42 U.S.C. § 1988 and other applicable laws; and

15. Ordering any other relief this Court deems just and proper.

Dated: December 22, 2020

                Respectfully submitted,

                /s/ Allen Chaney
                Allen Chaney (Fed. Bar #13181)
                American Civil Liberties Union
                Foundation of South Carolina
                P.O. Box 20998
                Charleston, South Carolina 29413-0998
                Telephone: (843) 282-7953
                Facsimile: (843) 720-1428
                Email: achaney@aclusc.org

                Matthew Strugar*
                Law Office of Matthew Strugar
                3435 Wilshire Blvd., Suite 2910
                Los Angeles, CA 90010
                Telephone: (323) 696-2299
                Email: matthew@matthewstrugar.com

                *pro hac vice motion forthcoming*

                *Counsel for Plaintiff*