IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> ALAN WILSON, in his official capacity as Attorney General of South Carolina; and MARK KEEL, in this official capacity as Chief of the South Carolina State Law Enforcement Division, <br><br> Defendants. | Case No. 3:21-cv-04108-MGL |

**Memorandum of Law in Support of
Plaintiff's Motion for Protective Order and to Proceed Under Pseudonym "John Doe"**

### INTRODUCTION

Plaintiff moves to proceed under a pseudonym because he faces significant harm if his identity is made public. He does not seek to keep his identity from this Court of from the Defendants. He simply requests that the public record not reveal his identity.

Plaintiff seeks relief from unconstitutional government action—Defendants' publication of his name, picture, criminal history, and address on their online sex offender registry for having consensual gay sex. The public identification of Plaintiff in this lawsuit would *cause* the very injuries from which he seeks relief—public notoriety and reputational harm, negative impacts to his employment and housing, restrictions on his right to travel, and even legitimate risk of harassment and physical assault. That is too steep a price to obtain judicial review of Defendants' official conduct.

1

Plaintiff argues that the balance of relevant factors tips heavily in favor of proceeding under the pseudonym "John Doe." Specifically, Plaintiff argues that denying this motion would expose him to serious physical, economic, and reputational harm; that granting it would not deny the public meaningful access to the proceeding and would not impair the Defendants' case or prejudice them in any way; and that the weight of federal authority supports Plaintiff's request to proceed under a pseudonym in a case attacking the constitutionality of a state's sexual offender registry.

## FACTS

Plaintiff was charged with and indicted for Buggery, South Carolina Code section 16-15-120, for having consensual sex with another man in 2001. Both men were adults and both pleaded guilty. South Carolina requires sex offender registration for Buggery convictions. S.C. Code Ann. § 23-3-430(C)(11). Plaintiff's Buggery conviction is his only registerable offense.

South Carolina's registry places Plaintiff on a website that publicizes his name, address, and photograph, and can be searched by county or by name of registrant. As a result of the requirement that he register, Plaintiff faces humiliation, shame, and prohibitions on many aspects of his daily life. And registered sex offenders face serious repercussions when their identities are revealed. These harms would only be compounded by the opprobrium and notoriety he would face if his identity as a litigant was exposed because of the public nature of this constitutional challenge.

## LEGAL STANDARD

While the Federal Rules generally require complaints to include the names of all parties, Fed. R. Civ. P. 10(a), the district courts have the discretion to accommodate a plaintiff's "stated interest in anonymity [outweighs] the public's interest in openness and any

prejudice that anonymity would pose to the opposing party." *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014).

The Fourth Circuit instructs district courts assessing a party's motion to proceed pseudonymously to balance several factors, including:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; (3) the ages of the person whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (numerals added).

Courts in this Circuit commonly call these factors the "*James* factors."

Not all the *James* factors may be relevant to a given case, and there may be others that are. *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016) (citing *James*, 6 F.3d at 238). "At bottom, the trial court must carefully review *all* the circumstances of the case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 39–40 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)) (emphasis in original).

"Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Griffon Mgmt LLC*, No. 14-2626, 2014 U.S. Dist. LEXIS 171779 (E.D. La. Dec. 14, 2011) (internal citations omitted) (granting HIV-positive litigant to proceed under a pseudonym in housing discrimination case). Court have also permitted plaintiffs to pursue constitutional claims under pseudonyms, where, as here, they are challenging their inclusion on sex offender registries—including, like Plaintiff here, for historical sodomy

convictions. *Doe v. Jindal,* 851 F. Supp. 2d 995 (E.D. La. 2012) (challenging inclusion on sex offender registry for Crime Against Nature by Solicitation convictions); *Doe v. Wasden*, -- F. Supp. 3d --, No. 1:20-cv-00452-BLW, 2021 WL 4129144, at *1 n.1 (D. Idaho Sep. 8, 2021) (noting court allowed Plaintiff challenging inclusion on sex offender registry for Crime Against Nature conviction to proceed under pseudonym).

## ARGUMENT

The presumption of open pleading must sometimes yield to a party's legitimate interest in anonymity. This is such a case. The *James* factors favor pseudonymity.

### I. Pseudonymity preserves Plaintiff's privacy in a sensitive and highly personal matter.

The first *James* factor favors allowing Plaintiff to proceed as "John Doe." As other federal courts have noted, "there can be no doubt" that litigation involving supposed sexual misconduct involves "a matter of sensitive and highly personal nature." *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va.2016) (citing *James*, 6 F.3d at 238); *see also see Doe v. The Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 622 (E.D. Va. 2016) ("common sense suffices to understand that an adjudication of responsibility for sexual misconduct carries a much more powerful stigma than an adjudication of run-of-the-mill assault or vandalism."). This is no less true when litigation amplifies a person's prior sexual conduct and magnifies a person's status on a sex offender registry. As Justice Ginsburg recognized in *Smith v. Doe,* sex offender registries already expose citizens to "profound humiliation and community-wide ostracism." 538 U.S. 84, 115 (2003) (Ginsburg, J., dissenting).

Plaintiff's privacy interests are somewhat counterbalanced by the fact that his name, picture, address, and prior conviction are already published on Defendants' online sex offender

registry. But this fact cannot carry the day. *See John Does 1-4 v. Snyder*, 2:12-cv-11194, 2012 WL 1344412 (E.D. Mich. Apr. 18, 2012) (granting pseudonymity, noting that while plaintiff's "status as sex offender may already be available, their association with this lawsuit . . . is not."); *Jindal*, 851 F. Supp. 2d 995 (plaintiff proceeding pseudonymously in challenging inclusion on sex offender registry for Crime Against Nature by Solicitation convictions); *Wasden*, 2021 U.S. Dist. LEXIS 172339, at *2 n.1 (D. Idaho Sep. 8, 2021) (court allowed plaintiff challenging inclusion on sex offender registry for Crime Against Nature conviction to proceed under pseudonym). Plaintiff should not be made to suffer further injury to his privacy and reputation simply because Defendants have not updated their laws to comply with the Supreme Court's command in *Lawrence v. Texas*, 539 U.S. 558 (2003), that consensual gay sex is constitutionally protected.

In fact, federal courts have generally allowed pseudonymous litigation when the plaintiff's identification would cause the very injury sought to be avoided by the action. *Roe v. Ingraham*, 364 F. Supp. 536, n. 7 (S.D.N.Y. 1973) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid."); *also see Doe v. Alaska*, 1997 WL 547941, 122 F.3d 1070 (9th Cir. 1997) (unpublished).

## II.     Pseudonymity protects Plaintiff and his family from retaliatory physical and mental harm.

The second *James* factor, "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties," supports allowing Plaintiff to proceed pseudonymously. The consequences of being identified on a sex offender registry exceed mere annoyance or embarrassment. *See* Complaint, ECF 1, ¶¶ 27–38; *see also John Does 1-4*, 2012 WL 1344412, at *3 (holding that danger of harassment and

physical harm to plaintiffs attacking sex offender registry justifies proceeding pseudonymously).

Requiring Plaintiff to identify himself by name would also inflict mental and emotional injury upon innocent nonparties—namely, Plaintiff's family. Studies show that sex offender registries have serious collateral consequences for family members of offenders. *See*, *e.g.*, Levenson, J. S. & Tewksbury, R. *Collateral damage: Family members of registered sex offenders*, AMERICAN JOURNAL OF CRIMINAL JUSTICE (2009) ("[t]hose who are truly without culpability—and many times already victims—are punished through SORN polices and their consequences."). Family members living with a registered sex offender are "more likely to experience threats and harassment by neighbors," and that children of registered offenders routinely experience harm including stigmatization, ridicule, teasing, depression, anxiety, fear, or anger. *Id.*

### III.    Plaintiff's age weighs against pseudonymity.

The third *James* factor, which considers the age of the party seeking anonymity, weighs against allowing Plaintiff to proceed pseudonymously. Plaintiff is an adult.

### IV.    The nature of Plaintiff's case—a constitutional claim brought to test the propriety of official government conduct—supports pseudonymity.

The fourth *James* factor favors allowing Plaintiff to proceed pseudonymously. That factor requires the court to whether the defendant is a government actor or private party. Courts are more likely to allow a plaintiff to proceed under a pseudonym when the plaintiff is challenging government activity. *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *4 (W.D. Va. Mar. 18, 2020) (citing *Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017)); *but see Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("the public has an

6

important interest in access to legal proceedings, particularly those attacking . . . properly enacted legislation."). That is because the use of pseudonyms "is more likely to be appropriate in cases challenging government activity because there is both 'arguably a public interest in a vindication of . . . rights' and a risk of stigmatization of the plaintiff, who often represents a minority interest." *Int'l Refugee Assistance Project*, 2017 WL818255, at *3 (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

### V.    Plaintiff's anonymity does not cause any prejudice to the Defendants.

The fifth *James* factor, which considers the risk of unfairness to the defendants if Plaintiff is allowed to proceed pseudonymously, supports allowing Plaintiff to proceed as "John Doe." Plaintiff does not ask that he be able to keep his true identity secret from the Defendants or this Court. Because Plaintiff will provide Defendants with his real name, Defendants will not suffer any unfairness or prejudice from Doe remaining anonymous in public filings. *See Does 1-5*, 2014 WL 29352, at *2 (noting, on similar facts, that anonymity "presents very little risk of unfairness to the Defendants"); *see also Doe v. Virginia Polytechnic*, 2020 WL 1287960, at *5 ("there is no risk [of unfairness to defendants] because the defendants are aware of Doe's and Roe's identities."). Defendants are readily able to investigate and validate Doe's biographical assertions and are not prejudiced in their ability to challenge the substance of Doe's claims.

### VI.   Plaintiff's pseudonymity does not meaningfully obstruct the public's access to this proceeding.

Although not explicit in *James*, the Fourth Circuit subsequently has ruled that "the public's interest in open proceedings must inform a district court's pseudonymity calculus." *Doe v. Public Citizen*, 749 F.3d at 274.

Allowing Plaintiff to proceed under a pseudonym does not deny the public its right to attend the proceedings or inspect the court's opinions and orders on the underlying constitutional issue. *See Alger*, 317 F.R.D. at 39. The public is still free to examine pleadings, evaluate the behavior of the parties and the judiciary, and follow the resolution of claims presented. Indeed, "the only thing potentially being shielded from the public is plaintiff's name and any court proceedings or opinions that might be necessary to determine standing." *Id.* (quoting *Doe v. Barrow Co.*, 219 F.R.D. 189, 193 (N.D.Ga. 2003)).

There can be little doubt to the reality of Plaintiff's claims, either. They follow history and statutory structure. Before the Supreme Court's decision in *Lawrence* in 2003, states criminalized consensual gay sex. *See Bowers v. Hardwick*, 478 U.S. 186 (1986). South Carolina was such a state. *See* S.C. Code Ann. § 16-15-120. Some states also required sex offender registration for consensual gay sex convictions. South Carolina was and is one of those states, too. *See* S.C. Code Ann. § 23-3-430(C)(11); *Lawrence*, 539 U.S. at 575–76 (identify South Carolina as one of four states to require registration for consensual gay sex convictions). Plaintiff's identity will not shed any more light on the fact that this history and structure has real victims.

Given the nature of Plaintiff's claims, his identity is of particularly marginal relevance. Plaintiff's claims depend only on his *status*, not on his *identity*. *See Doe v. Tandeske*, 2003 WL 24085314, *2 (D. Alaska 2003) (allowing convicted sex offender to proceed anonymously because "Doe's status is of significance, but his identity is not."). Moreover, Plaintiff's claims turn on issues of statutory interpretation and constitutional jurisprudence, not on his credibility, reliability, or special expertise as awitness.

### VII. Federal courts have generally allowed Plaintiffs to proceed pseudonymously in similar actions.

Finally, Doe's request to proceed pseudonymously aligns with the overwhelming weight of federal authority. Before becoming the landmark registration case of *Smith v. Doe*, the Ninth Circuit in *Doe v. Alaska*, 1997 WL 547941, 122 F.3d 1070 (9th Cir. 1997), considered the whether the plaintiff-registrants—like Plaintiff here—should be permitted to proceed under pseudonyms while attacking the constitutionality of their state's registration scheme.[1] The court ultimately ruled that pseudonymity is appropriate in this situation, explaining that:

> Under these circumstances, the public's right of access issubordinate to the interest in resolving this challenge to a governmental policy. The issues raised are purely legal and do not depend on identifying the specific plaintiffs. None of the values protected by public access will be hindered by the use of pseudonyms. The public, as well as the plaintiffs, will benefit when the case proceeds to a resolution on the merits.

*Doe v. Alaska*, 1997 WL 547941, at *1 (citations omitted)

In the almost two decades following *Smith v. Doe*, courts have generally allowed similar attacks on state sex offender to proceed pseudonymously. *See*, *e.g.*, *Conn. Dept. of Pub. Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *Doe v. Snyder*, 101 F. Supp. 3d 722 (E.D. Mich. 2015); *Doe v. Mich. Dept. of State Police*, 490 F.3d 491 (6th Cir. 2007); *John Does 1-4*, 2012 WL 1344412; *Does v. Snyder*, 834 F.3d 696, 705 (6th Cir. 2016); *Doe v. Rausch*, 382 F. Supp. 3d 783, 799 (E.D. Tenn. May 20, 2019); *Fross v. County of Allegheny*, 2008 WL 4610290, *1 (W.D. Pa. 2008); *but see Gautier v. Dept. of Corr. of Oklahoma*, 2008 WL 1925066 (W.D. Okla. 2008).

---

[1] *Doe v. Alaska* was not published. The federal reporter citation is to the "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Its holding, however, is incorporated by reference in the official synopsis of Supreme Court's opinion in *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140 (2003) ("Following reversal of determination that plaintiffs would not be allowed to proceed under pseudonyms,. . .").

9

This is true in the Fourth Circuit as well. *See Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 759 (4th Cir. 2013); *Does v. Cooper*, 148 F. Supp. 3d 477, 494–95 (M.D.N.C. Dec. 7, 2015); *Doe v. McCrory*, 1:13-cv-711, 2014 WL 29352 (M.D.N.C. Jan. 3, 2014) (granting the plaintiffs' request to proceed under fictitious names in their case against a North Carolina law that restricted certain areas to registered sex offenders); *see generally Doe v. Keel*, Case No. 3:20-cv-02755, ECF 23 (D.S.C. Feb. 3, 2021).

And it is true of Plaintiffs seeking to challenge sex offender registration for engaging in so-called "sodomy." *Jindal*, 851 F. Supp. 2d 995; *Wasden*, 2021 U.S. Dist. LEXIS 172339, at *2 n.1.

## CONCLUSION

On balance, the relevant factors support granting Plaintiff's request to proceed pseudonymously. Plaintiff's request to proceed as "John Doe" is motivated by a sincere and reasonable fear of mental and physical retaliation. Granting his request would neither prejudice the Defendants nor deprive the public of their right to meaningful access to the courts.

Dated: December 22, 2021          Respectfully submitted,

/s/ Allen Chaney
Allen Chaney (Fed. Bar #13181)
American Civil Liberties Union
Foundation of South Carolina
P.O. Box 20998
Charleston, South Carolina 29413-0998
Telephone: (843) 282-7953
Facsimile: (843) 720-1428
Email: achaney@aclusc.org

Matthew Strugar*
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone: (323) 696-2299
Email: matthew@matthewstrugar.com

* *pro hac vice motion forthcoming*

*Counsel for Plaintiff*